# CIRCUIT COURT OF CHESTERFIELD COUNTY

Farmers Insurance Exchange

v.

Bruce Saunders et al

December 18, 2008

Case No. CL07-225

BY JUDGE T. J. HAULER

This matter came before the Court to be heard on December 9, 2008, for a determination of the residency of David Baur and the sufficiency of the notice provided to Farmers Insurance Exchange after the April 2006 accident. The Court took the matter under advisement. After considering the arguments and evidence by both parties, the Court now issues its ruling.

*Resident Relative Status*

The court considered the evidence presented, including the deposition testimony of Charles Baur and Lolita Baur. Under the Farmer's policy, a "relative" is defined as "a relative of the named insured who is a resident of the same household." The Court finds the case law presented by Farmers Insurance to be persuasive. The Supreme Court of Virginia has held that "a person's intent is important in determining whether he qualifies as a resident of a particular household." *Allstate Ins. Co. v. Patterson*, 231 Va. 358, 344 S.E.2d 890 (1986). "Resident of the household" indicates a more settled status which is more permanent and settled than would be indicated if the contract language were "resident of the same house or apartment." *Furrow v. State Farm Mut. Auto. Ins. Co.*, 237 Va. 77, 375 S.E.2d 738 (1989). The Commonwealth requires a more permanent and stable relationship between the person sleeping in a home and the household as a unit.

In his deposition, Mr. Charles Baur explained that his son moved back into the home in November of 2005. Mr. David Baur informed his father that his intention was to stay temporarily until he could move into a friend's house. Mr. David Baur did not have a designated room, but rather slept in a sleeping bag in the computer room of his parents' house. Mr. David Baur had no belongings or furniture stored in the home aside from a duffel bag that contained a few pieces of clothing. He did not have substantive mail delivered to his parents' house and did not change his mailing address when he returned to their home. In October of 2005, Mr. Charles Baur removed his son from the Farmers Insurance policy for numerous reasons, one being that his son no longer lived in the home. The facts presented in Mr. Charles Baur's deposition were confirmed during the deposition of Mrs. Lolita Baur, the decedent's mother.

Mr. David Baur was only a temporary guest at his parents' home prior to the accident, with no intention of remaining long term. The decedent lived a nomadic existence prior to the car accident and was in transition at the time of his death. Mr. David Baur was not a "resident relative" and was not an insured under the Farmers Insurance policy.

*Notice Requirement*

The language of the policy requires that notice "shall be given by or for the insured to the company or any of its authorized agents as soon as practicable." The Court considered the letter from Bob Phillips, Senior General Adjuster for Farmers Insurance Exchange, acknowledging that he received verbal notice of the accident from counsel for Bruce Saunders. Mr. Phillips indicated in his letter that he spoke with Mrs. Lolita Baur on June 22, 2006. Mr. Scott Gordon was appointed the Administrator of the Estate of David Michael Baur and notified Farmers Insurance Exchange within three weeks of his appointment.

Adequate notice was given for Mr. David Baur to Farmers Insurance Company.

The Court finds that Mr. David Michael Baur was not a resident relative of his parents' home and was not covered under the Farmers Insurance Policy. Had Mr. David Baur been found to be a resident relative of the home, the notice to Farmers Insurance would have been timely and sufficient.